UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE EARNEST,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN GENERAL HOSPITAL, et al.,<br><br>    Defendants. | No. 2:16-cv-01064-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lillie Earnest brings this action against Defendants San Joaquin General Hospital ("SJGH"), San Joaquin County ("County"), Ann Mooney and Service Employees International Union Local 1021 ("SEIU"), and Defendants Jackie Bagatta, Roberta Schramek, Lynn McClain, Marshay McKnight, Conrad Uy, Doug Peterson, Rolando Cabrerea, Vandana Goswani, Adam Arroyo, and Doe Defendants (the "Individual Defendants") (collectively, "Defendants") alleging the following causes of action: (1) civil conspiracy, (2) denial of appeal rights/due process, (3) wrongful termination, (4) breach of a memorandum of understanding ("MOU"), (5) age discrimination, (6) failure to prevent discrimination and harassment in violation of Government Code § 12920 et seq. and 42 U.S.C. § 2000e et seq., (7) interference of business contractual relation, (8) disability discrimination, (9) institutional racism, and (10) intentional infliction of emotional distress.  Plaintiff's allegations stem from her employment with and

termination from San Joaquin General Hospital, where she was a nursing assistant. Presently before the Court are motions to dismiss by the County Defendant (sued as SJGH) and Schramek (ECF No. 9.), Defendants Mooney and the SEIU (ECF. No. 17), and the Individual Defendants (ECF No. 19), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Also before the Court is a motion to strike by the County (SJGH) and Schramek, joined by all other Defendants.  For the following reasons, Defendants' Motions to Dismiss are GRANTED, and Plaintiff's First Amended Complaint ("FAC") is DISMISSED with leave to amend as described below.  Defendants' Motion to Strike is also GRANTED in part, as described below.[2]

## BACKGROUND[3]

The First Amended Complaint ("FAC") in this case is far from a model of clarity, but the Court has deduced the following from Plaintiff's pleading.  ECF No. 6.  It appears that the basis for much of Plaintiff's FAC stems from a July 12, 2009, investigation into a workplace complaint against Plaintiff, a 62-year old African-American woman, which Plaintiff claims was mishandled in various ways.  See FAC at ¶¶ 36–46.  Plaintiff was eventually terminated from her position as a nursing assistant at SJGH on April 17, 2013.  At that time, Plaintiff claims she suffered from "a well-documented, bad back and neck," had undergone two previous knee surgeries, and had at some point been given a "Lifetime Medical" settlement from a Worker's Compensation claim.  FAC at ¶¶ 57, 70.

Plaintiff claims that her termination was the result of a conspiracy among all Defendants and that she was terminated without receiving any offer of services from the

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

[3] The following of recitation of facts is taken, sometimes verbatim, from the allegations contained in Plaintiff's First Amended Complaint.  ECF No. 6.

local Employee Assistance Program ("EAP"), any job training, or any "Progressive Discipline techniques." Plaintiff claims she was forced to work out of class, and that accommodations were not made on account of her age. Plaintiff further claims that she was discriminated against because of her age, disability, and race, and that Plaintiff was denied due process in the course of her termination. It appears Plaintiff alleges that the County and the SEIU entered into a memorandum of understanding ("MOU") that failed to provide adequate safeguards to part-time employees, who are disproportionately African-American.

In May of 2013, Plaintiff received notice of a serious discipline hearing informing her of the reasons for her termination, and received an allegedly incomplete discovery packet. Plaintiff was represented by SEIU union representative Defendant Mooney at her hearing, but claims that she was denied the right to have a representative "of her choice." She further alleges that the investigation leading to her termination was not impartial, and that the Individual Defendants stereotyped her based on her age, disability, and race, and made statements during the investigation in order to get her fired.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors

4

merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

As a preliminary matter, the Court notes that although Plaintiff cites to various sources of authority throughout her FAC, she has failed to provide the statute or law under which she brings each cause of action (with the exception of her Sixth Cause of Action brought under Cal. Gov. Code § 12920 et seq.), leaving Defendants—and the Court—to guess the basis for each of Plaintiff's claims. Plaintiff has also failed to specify against which Defendant each cause of action is alleged, leaving Defendants—and again the Court—to assume they each must defend against each claim. For each cause of action dismissed with leave to amend below, should Plaintiff decide to file an amended pleading, she must cure the defects described herein by providing the law under which each claim arises and by stating with specificity against which defendant(s) each claim is asserted.

### A. Plaintiff's Tort Claims As To The County And Individual Defendants: First, Third, Seventh, And Tenth Causes Of Action

Plaintiff's First, Third, Seventh, and Tenth Causes of Action are dismissed as to the County and Individual Defendants because Plaintiff has failed to alleged that she complied with California's Tort Claims Act. Under the Torts Claim Act, a plaintiff cannot bring a tort claim against a public entity (or against a public employee acting in the

course of his or her employment) until a written claim has been presented to the public entity and has been acted upon or rejected by the board. Cal. Gov. Code §§ 945.4; 950.2. A plaintiff must file her tort claim within six months of the accrual of the claim and must file a late-claim request within one year. Cal. Gov. Code §§ 911.2; 911.4. Here, Plaintiff's tort claims accrued, at the latest, on the date of her termination: April 17, 2013. Plaintiff therefore would have had to file her tort claim within six months of that date. Because Plaintiff has made no such allegation in her FAC, her tort causes of action must be dismissed. Plaintiff will be given one opportunity to amend with respect to these claims to the extent Plaintiff can allege compliance with and exhaustion of the Tort Claims Act. Absent a specific allegation of exhaustion, however, Plaintiff's tort causes of action will again be dismissed as to the County and the Individual Defendants, this time with prejudice.

### B.  Plaintiff's Discrimination Claims Against All Defendants: Fifth, Sixth, Eighth, And Ninth Causes Of Action

Similarly, Plaintiff's Fifth, Sixth, Eighth, and Ninth[4] Causes of Action alleging various types of discrimination are also time-barred because Plaintiff has failed to allege that she timely exhausted administrative remedies and timely filed her civil complaint. Plaintiff alleges that she exhausted administrative remedies by "timely" filing her discrimination charges against SJGH with the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), but Plaintiff does not provide the date on which those charges were filed. FAC ¶ 4. Plaintiff then states that she received a "letter of determination" (presumably, a right to sue letter) from the EEOC on February 18, 2015, and corrects this date to February 18, 2016 in her Opposition. Pl.'s Opp. ECF No. 25 at 10. Plaintiff filed the present lawsuit on

---

[4] With this Order, the Court—like Defendants—assumes Plaintiff's Ninth Cause of Action intends to state a claim of disparate treatment based on race. Defendants' related requests for a more definite statement is GRANTED. Should Plaintiff wish to proceed by filing an amended complaint, Plaintiff is directed to provide a more definite statement with regard to her Institutional Racism cause of action and, as directed above, is ordered to provide the statute or law under which her cause of action arises.

May 19, 2016, ninety-one days after receiving that letter from the EEOC.

To the extent Plaintiff brings her discrimination-based claims under Title VII, the ADEA, or the ADA, this tardy filing is fatal to her Fifth, Six[5], Eighth, and Ninth Causes of Action. 29 U.S.C. § 626 (a) (a civil action for age discrimination may be brought under the Age Discrimination in Employment Act against the respondent named in the charge within 90 days after date of receipt of such waiver); 42 U.S.C. § 2000e-5 (f)(1) (a person claiming to be discriminated against with respect to her race may initiate a civil action against the respondent named in the charge within 90 days after receiving notice from the EEOC); 42 U.S.C. § 12117(a) (incorporating Title VII's procedures "to any person alleging discrimination on the basis of disability in violation of any provision" of the ADA). Plaintiff's claims arising under these statutes are thus dismissed with prejudice.[6]

Under the FEHA, California Government Code § 12960 et seq., a plaintiff typically has one year from the date of the allegedly unlawful act to file a complaint with the DFEH. Once the DFEH issues a right to sue notice, plaintiff has one year from the date of the notice to file a civil complaint. Cal. Gov. Code § 12965(b). It is possible that Plaintiff filed her claim with the DFEH within one year of her termination, and subsequently filed the pending civil suit within one year of issuance of a right to sue notice from the DFEH[7], but Plaintiff has not alleged she received any notice at all from

---

[5] The Court includes Plaintiff's Sixth Cause of Action in the discussion here to the extent it alleges discrimination under Title VII. To the extent Plaintiff's Sixth Cause of Action arises specifically under FEHA, it is addressed below.

[6] Plaintiff argues the time bar is tolled for employees who voluntarily pursue internal administrative remedies through the employer's internal process, but nowhere does Plaintiff allege that she pursued internal administrative remedies, nor does Plaintiff provide any explanation as to why the equitable tolling doctrine should be applied in her case. Plaintiff's statement that she "can raise an exception under the equitable tolling doctrine," Pl.'s Opp. at 10, is thus conclusory and not well taken. Plaintiff also argues that administrative remedies may be inadequate where the administrative body is shown to be biased, but fails to plead or otherwise argue that the administrative body has any bias against her. Therefore, Plaintiff's futility argument also fails.

[7] The Court notes here that under California Government Code § 12965(b), the DFEH is to issue a notice of right to sue not later than one year from the filing of the claim. Assuming Plaintiff filed her DFEH claim on the last possible day (one year from her termination), that the DFEH issued its notice one year after that, and that Plaintiff filed her civil suit one year after issuance of the notice, Plaintiff's Complaint should have been filed by April 17, 2016. If this timeline is correct, Plaintiff's FEHA claims filed May 19, 2016 are time-barred. The Court nonetheless grants leave to amend to allow Plaintiff the opportunity to

the DFEH, only from the EEOC.  See Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1725 (1994) ("an EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies only for purposes of an action based on title VII. Inasmuch as [Plaintiff] elected to base her action not on title VII, but on the Fair Employment and Housing Act, the EEOC right-to-sue notice technically did not satisfy the jurisdictional requirement that [Plaintiff] exhaust[] her administrative remedies as to the asserted violations of the California statute.").  Plaintiff's Fifth, Sixth, Eighth, and Ninth Causes of Action arising under the FEHA are thus dismissed with leave to amend. Plaintiff is directed to specify the date on which she filed claims with the EEOC and DFEH, and the date of the right to sue notice from the DFEH, if any.

Additionally, because the SEIU and Defendant Mooney were not the named respondents of the EEOC or DFEH complaints allegedly submitted by Plaintiff, Plaintiff's FEHA claims against those Defendants fail for this additional reason and are dismissed with final leave to amend.

### C. Plaintiff's Claims Against Defendants Mooney And The SEIU

Defendants Mooney and the SEIU additionally claim that Plaintiff's Third, Fourth, and Seventh Causes of Action should be dismissed because they fall within the exclusive initial jurisdiction of the Public Employment Relations Board ("PERB").  "A complaint alleging any violation of [the Meyer–Milias–Brown Act (MMBA)] . . . shall be processed as an unfair practice charge by [PERB]."  Cal. Gov. Code § 3509.  Under the MMBA, "unions owe a duty of fair representation of their members, and this requires them to refrain from representing their members arbitrarily, discriminatorily, or in bad faith."  Paulsen v. Local No. 856 of Intern. Broth. of Teamsters, 193 Cal. App. 4th 823, 830 (2011) (quoting Hussey v. Operating Engineers Local Union No. 3, 35 Cal. App. 4th 1213 (1995)).

Though Plaintiff's allegations are not entirely clear, it seems Plaintiff broadly alleges that Defendants Mooney and the SEIU negotiated a discriminatory contract with

---

clarify this timeline in the event such clarification is appropriate.

the County, conspired with the other Defendants to have Plaintiff terminated, and—presumably in the furtherance of that conspiracy—represented her in bad faith. Plaintiff's arguments to the contrary are not compelling. Thus, to the extent Plaintiff's Third, Fourth, and Seventh Causes of Action against Mooney and the SEIU intend to allege that the SEIU provided inadequate representation to Plaintiff, those claims are dismissed with leave to amend for failure to plead exhaustion under the PERB. To the extent Plaintiff intended to allege otherwise with regard to Mooney and the SEIU, Plaintiff's claims are nonetheless dismissed for failure to state a claim upon which relief can be granted, and Plaintiff may amend those claims to more precisely state a cause of action against those defendants.

Additionally, the SEIU and Mooney cannot be held liable under Plaintiff's causes of action predicated on an employment relationship because Plaintiff was not an employee of the SEIU. See Thomas v. Bodnar, 126 Fed. Appx. 828, 830 (9th Cir. 2005). Consequently, Plaintiff's First and Third Causes of Action, alleging conspiracy and wrongful termination, are dismissed without leave to amend as to Defendants Mooney and the SEIU. See Khajavi v. Feather River Anesthesia Medical Group, 84 Cal. App. 4th 32, 55 (2000) ("a nonemployer defendant-who cannot commit the tort of wrongful discharge . . . can have no liability for a conspiracy to wrongfully discharge the employee").

### D. Plaintiff's Claims Against The Individual Defendants

Beyond the reasons for dismissal set forth in sections A and B above, Plaintiff's First, Third, Fifth, Eighth, and Ninth Causes of Action as against the Individual Defendants are dismissed without leave to amend. As set forth in Defendants' moving papers, only an employer—not individuals—can be subject to liability for wrongful termination (First and Third Causes of Action), see Khajavi, 84 Cal. App. 4th at 53, or employment discrimination under FEHA (Fifth, Eighth, and Ninth Causes of Action), see Reno v. Baird, 18 Cal. 4th 640, 645–46 (1998). Plaintiff has provided no argument to the contrary and has pled no facts indicating that a cause of action may otherwise lie against

9

these defendants. They are therefore dismissed with prejudice.

### E. Plaintiff's Second Cause Of Action Against All Defendants

Plaintiff's Second Cause of Action alleges a violation of her due process/appeal rights. Under Skelly v. State Personnel Bd., 15 Cal. 3d 194 (1975), permanent government employees are entitled to notice of proposed disciplinary measures, the reasons therefore, a copy of charges and supporting materials, and a right to respond. As a preliminary matter, it is not clear to the Court that Plaintiff did not have a property interest in her continued employment simply because she was a part-time employee. See Williams v. Dept. of Water and Power, 130 Cal. App. 3d 677 (1982) (court declined to extend Skelly protections to an "intermittent nonpermanent noncivil service position held by [the plaintiff] at the pleasure of her employer"). Rather, while Skelly protections explicitly extend to permanent employees, Defendants have cited no authority indicating that an employee cannot be both part-time and permanent. Likewise, however, Plaintiff has offered no facts indicating that she is entitled to Skelly protections or, more importantly, that she did not receive Skelly protections in any event.[8] Again, the timeline of events is not entirely clear to the Court, but it appears Plaintiff received a "discovery packet" providing the reasons for her termination, and that she was represented at a review meeting by an SEIU representative (albeit, not "one of her choice"). Because Plaintiff has failed to allege facts supporting her claim that she was (1) entitled to due process protections, and (2) denied those due process protections, her Second Cause of Action is dismissed with leave to amend.

### F. Plaintiff's Fourth Cause Of Action Against All Defendants

Plaintiff's Fourth Cause of Action alleges a breach of the MOU between the County and the Union. Plaintiff's claim for breach appears to allege that Defendants Bagatta (Director of Nursing, presumably acting on behalf of the County) and Mooney (SEIU Representative, presumably acting in her capacity as such) breached the MOU by

---

[8] In some instances it seems Plaintiff's claim may be based on her allegation that part-time employees are not entitled to Skelly protections, in which case the legal basis for Plaintiff's claim that her due process rights were violated is unclear.

1  denying Plaintiff (1) the representative of her choice at her disciplinary action hearing,
2  (2) opportunities for EAP, (3) FMLA benefits, and (4) the opportunity to file a grievance.
3  Plaintiff offers no facts in support of these conclusions, and her claim for breach against
4  Bagatta, Mooney, the County, and the SEIU is therefore dismissed with leave to amend.
5  To the extent Plaintiff brings this cause of action against the Individual Defendants aside
6  from Defendants Bagatta and Mooney, Plaintiff has not indicated anywhere that the
7  individuals breached the MOU in any way.  Plaintiff will be given one opportunity to
8  amend with respect to these Individual Defendants should Plaintiff wish to clarify her
9  claim, if any, against them.

### G.   Plaintiff's Tenth Cause Of Action Against All Defendants

Plaintiff's Tenth Cause of Action alleges intentional infliction of emotional distress. In addition to dismissal based on failure to comply with the Tort Claims Act requirements as stated above, Plaintiff fails to plead facts sufficient to state a claim for relief as to all defendants.  Specifically, a claim for intentional infliction of emotional distress requires extreme and outrageous conduct by defendants, an intention to cause or a reckless disregard for the causing of emotional distress, and severe emotional suffering.  Sabow v. U.S., 93 F.3d 1445, 1454 (9th Cir. 1996).  Plaintiff's FAC does not plead facts addressing these necessary elements, and her claim is therefore dismissed with leave to amend.

### H.   Plaintiff's Requests For Relief

Defendants additionally move to dismiss Plaintiff's first, third, and sixth requests for relief, requesting (1) a decree that the disciplinary actions section of the MOU is unconstitutional and should be stricken from the agreement; (2) a decree providing a specific definition of Institutional Racism; and (3) punitive damages, respectively. Plaintiff has provided no support for her position that the requested decrees are proper, nor has she alleged any facts supporting an award of punitive damages.  Defendants' motion to dismiss Plaintiff's first, third, and sixth requests for relief is GRANTED with leave to amend.

I.  **Defendants' Motion to Strike**

Lastly, Defendants move to strike portions of Plaintiff's FAC under Federal Rule of Civil Procedure 12(f) on grounds that Plaintiff's FAC contains impertinent, immaterial, and scandalous allegations that confuse the issues and prejudice Defendants. Under Rule 12(f), the Court may strike material that is redundant, immaterial, impertinent, or scandalous, for the "purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). The portions of Plaintiff's FAC which Defendants seek to strike fall into two general categories: (1) references to historical and institutional racism; and (2) citations to irrelevant law.

As to the former, Defendants argue that Plaintiff's statements are scandalous because they are intended to inflame the reader and prejudice Defendants, painting them—and government entities generally—as inherently racist, regardless of the facts of Plaintiff's specific case. Defendants additionally argue that Plaintiff's general allegations regarding racism are impertinent and immaterial because they are not necessary to the resolution of Plaintiff's claims. As such, inclusion of such statements will confuse the issues, waste resources, and prejudice Defendants. Plaintiff argues that motions to strike are generally disfavored. In this instance, Defendants have the better argument. Though some background information may be relevant and helpful to the reader, the Court agrees that Plaintiff's many references to historical racism are not material to resolving the matters at issue, are inflammatory against Defendants, and serve only to confuse the issues and waste resources. Defendants' motion to strike is therefore granted in part, as outlined below.

As to Defendants' second ground for striking portions of Plaintiff's FAC, Defendants argue that Plaintiff's FAC "is littered with extraneous citations to various legal authorities" that are irrelevant and immaterial to Plaintiff's claims. The Court agrees. Defendants' motion to strike as to Plaintiff's impertinent legal citations is granted in part, as outlined below.

Should Plaintiff choose to amend her complaint as provided above, the following shall nonetheless be stricken from any amended complaint:

1. Paragraph 7.
2. From page 4, paragraph 8, the words, "Since Institutional racism exists," and "but because institutional racism is embedded deep in our culture it reared its ugly head against the Plaintiff."
3. All of paragraph 9.
4. From page 5, paragraph 10, the words, "To the chagrin of all proud Americans who want to live in a color blind society."
5. From page 5, paragraph 11, the words, "Code of Civil Procedure section 416.50."
6. From page 5, paragraph 12, the words, "Code of Civil Procedure section 416.50."
7. All of paragraph 28.
8. From page 11, paragraph 34, the words, "Authority: Section 11152, Government Code. Reference: Sections 4434, 4500, 4501, 4502, 4629, 4648, 4648.1 and 4742, Welfare and Institutions Code. California Department of Health Services' Licensing and Certification Division pursuant to Title 22. Child Abuse and Neglect Reporting Act commencing with Penal Code Section 11164" and "National Labor Relations Board ("NLRB") - No Blanket policy that prohibits employees from discussing complaint under investigation violates employee's associational rights, Public Employment Relations Board ("PERB") – No-contact instruction issued pursuant to standard policy interfered with employee's associational rights (Perez v. LACC)."[9]
9. From page 13, paragraph 34, the words, "Gov. Code §§3305 and 3255."

---

[9] Note that the Court has not stricken Plaintiff's reference to "FEHA – "Take all reasonable steps to prevent discrimination and harassment from occurring." – Gov. Code § 12940(k)," which citation is relevant to the matters at issue in this action.

| | | |
|---|---|---|
| 1 | 10. | From page 14, paragraph 38, the words, "42 CFR 489.3, 42 CFR 488.301." |
| 2 | 11. | From page 23, paragraph 72, the words, "OSHA (standards-29) CFR |
| 3 | | 1904.35, FMLA § 825.105(b)(c) Counting employees for determining |
| 4 | | coverage." |
| 5 | 12. | All of paragraph 75. |
| 6 | 13. | All of paragraph 76. |
| 7 | 14. | All of paragraph 77. |
| 8 | 15. | All of paragraph 78. |
| 9 | 16. | All of paragraph 79. |
| 10 | 17. | From pages 30 and 31, paragraph 85, the words, "There is a long history of |
| 11 | | individuals wielding power under state authority to grant Labor Leaders or |
| 12 | | representatives benefits in exchange for their "off the record" cooperation |
| 13 | | to discriminate against African-Americans. The benefits at the local level, |
| 14 | | would be job promotions, civil service job positions, work shifts, time off or |
| 15 | | use of government property for personal use that is not afforded to the rank |
| 16 | | and file. |
| 17 | 18. | From page 31, paragraph 86, the words, "SPB Case No. 31638: In the |
| 18 | | Matter of the Appeal by THOMAS WARNER To Clear Name After Limited- |
| 19 | | Term Separation from the Position of Psychiatric Technician Trainee at the |
| 20 | | Agnews Developmental Center, Department of Developmental Services at |
| 21 | | San Jose" |
| 22 | 19. | All of paragraph 87. |
| 23 | 20. | All of paragraph 88. |
| 24 | 21. | All of paragraph 89. |
| 25 | 22. | All of paragraph 90. |
| 26 | 23. | All of paragraph 91. |
| 27 | 24. | All of paragraph 92. |
| 28 | /// | |

25. From paragraph 93, the words, "Now, the result of this hearing did produce some relief against Institutional Racism by allowing people the chance to clear one's name in a hearing, when charged with allegations that are based on issues relating to morality. Since this is the number one way to perpetuate Institutional Racism."

26. All of paragraph 94.

27. All of paragraph 96.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED (ECF Nos. 9, 17, and 19). Plaintiff's FAC is DISMISSED with leave to amend, as provided above.[10] Defendants' Motion to Strike (ECF No. 10) is also GRANTED in part. Portions of Plaintiff's FAC, as described above, are STRICKEN without leave to amend. Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is filed within twenty (20) days of the date of this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: March 30, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[10] Because many of Plaintiff's claims are preliminary barred for procedural or administrative reasons, the Court did not directly address whether Plaintiff has plead facts sufficient to state each of her purported claims against each defendant. To the extent Plaintiff can cure the defects described in this Order and wishes to proceed by filing an amended complaint, Plaintiff should be aware that the absence of a ruling addressing each point raised in the voluminous filings presented by Defendants does not indicate that those points are not additional hurdles Plaintiff must overcome in pursuing her claims.