UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE EARNEST, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>Defendants. | No. 2:16-cv-01064-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lillie Earnest brings this action against Defendants San Joaquin General Hospital ("SJGH"), San Joaquin County ("County"), Ann Mooney and Service Employees International Union Local 1021 ("SEIU"), and Defendants Jackie Bagatta, Roberta Schramek, Lynn McClain, Marshay McKnight, Conrad Uy, Doug Peterson, Rolando Cabrerea, Vandana Goswani, Adam Arroyo, and Doe Defendants (the "Individual Defendants") (collectively, "Defendants") alleging the following causes of action: (1) civil conspiracy, (2) denial of appeal rights/due process, (3) wrongful termination, (4) breach of a memorandum of understanding ("MOU"), (5) age discrimination, (6) failure to prevent discrimination and harassment in violation of Government Code § 12920 et seq. and 42 U.S.C. § 2000e et seq., (7) interference of business contractual relation, (8) disability discrimination, (9) institutional racism, and (10) intentional infliction of emotional distress. These allegations stem from Plaintiff's termination from SJGH,

where she was a nursing assistant.  In a Memorandum and Order dated March 30, 2017 ("Order"), this Court granted Defendants' Motion to Dismiss (ECF Nos. 9, 17, and 19), dismissing all ten of Plaintiff's claims, some with leave to amend and some without.  Order, ECF No. 35.  Plaintiff now moves the Court to reconsider its Order dismissing many of those claims.  ECF Nos. 38, 43.  For the following reasons, Plaintiff's Motion is GRANTED in part and DENIED in part, as described below.[1]

## BACKGROUND[2]

Plaintiff is a 62-year old African-American woman who worked as a nursing assistant at SJGH.  On July 12, 2009, SJGH commenced an investigation into a workplace complaint filed against Plaintiff, who alleges that the investigation was mishandled in various ways.  On April 17, 2013, Plaintiff was terminated from her nursing assistant position.  At the time, Plaintiff claims she suffered from "a well-documented, bad back and neck," had undergone two previous knee surgeries, and had at some point been given a "Lifetime Medical" settlement from a Worker's Compensation claim.  According to Plaintiff, Defendants conspired to terminate her.  Specifically, she alleges that she was terminated without receiving any offer of services from the local Employee Assistance Program, any job training, or any "Progressive Discipline Techniques."  She also alleges that she was forced to work out of class, that accommodations were not made for her age, that she was discriminated against because of her age, disability, and race, and that she was denied due process in the course of her termination.  Plaintiff further alleges that the County and the SEIU entered into an MOU that failed to provide adequate safeguards to part-time employees, who are disproportionately African-American.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] Except where noted otherwise, the following recitation of facts is taken from this Court's previous order (ECF No. 35) as well as the parties' pleadings on this motion.

2

In May 2013, Plaintiff received notice of a serious discipline hearing informing her of the reasons for her termination. Plaintiff claims the discovery packet she received was incomplete. At the hearing, Defendant Mooney, an SEIU union representative, represented Plaintiff, but Plaintiff claims she was denied the right to have a representative "of her choice." Ultimately, Plaintiff claims the investigation leading to her termination was not impartial and that the Individual Defendants stereotyped her based on her age, disability, and race, and made statements during the investigation to get her fired.

On March 30, 2017, this Court dismissed all ten of Plaintiff's causes of action ("COAs"), for a variety of reasons and with various conditions, some with leave to amend, and some without.

Presently before the Court is Plaintiff's Motion for Reconsideration. ECF Nos. 38, 43.[3] Specifically, Plaintiff makes four requests. The first two requests are intertwined and essentially ask that the Court reconsider its dismissal of the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth COAs, based on Plaintiff's newly discovered evidence. The third request asks the Court to find that an exception to the Public Employee Relations Board ("PERB") exhaustion requirement applies, such that Plaintiff's Third, Fourth, and Seventh COAs survive as plead against Mooney and the SEIU. Finally, Plaintiff asks the Court to grant her leave to amend her complaint to add a COA for conspiracy to interfere with Plaintiff's civil rights.

## STANDARD

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case

---

[3] It appears Plaintiff filed duplicative documents at ECF Nos. 38 and 43 due to notice requirements. Both versions were timely filed but only the latter provided an adequate notice period. The Court will therefore refer to ECF No. 43 going forward. ECF No. 38 is DENIED as moot.

doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

The Local Rules for the Eastern District indicate that a motion for reconsideration of a court's order may also be made upon facts or evidence which, although they may have been known, were not presented to the court upon the prior motion. E.D. Cal. Local Rule 230(k). The moving party is required to explain to the Court's satisfaction the reason these facts or other evidence were not submitted to the court at the time of the prior motion. Id.

**ANALYSIS**

A.   **Plaintiff's First and Second Requests**

Plaintiff first requests reconsideration of the Court's dismissal of COAs 1, 3, 5, 6, 7, 8, 9, and 10. The basis for this motion is Plaintiff's discovery of a Right to Sue letter (ECF No. 43-2) dated February 22, 2016. Previously, Plaintiff had stated that she received a "letter of determination," which the Court presumed to be a right to sue letter, from the Equal Employment Opportunity Commission ("EEOC") on February 18, 2016. Order, ECF No. 35, 6:22–24. Plaintiff's Fifth, Sixth, Eighth, and Ninth COAs, brought

4

under Title VII, the ADEA, and the ADA, are all subject to a 90-day statute of limitations. Plaintiff filed her initial complaint on May 19, 2016, 91 days after February 18, 2016. Accordingly, this Court dismissed those COAs brought under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") with prejudice as untimely.

Although Plaintiff requests that the Court reconsider eight of the ten COAs it dismissed, the basis for such request, the newly discovered Right to Sue letter, is relevant only to those COAs that the Court dismissed for failing to file within 90 days: The Fifth, Sixth, Eighth, and Ninth COAs. In other words, the new evidence does not change the Court's analysis of the First, Third, Seventh, and Tenth COAs.[4]

With respect to the Fifth, Sixth, Eighth, and Ninth COAs, as Defendants concede, the newly discovered Right to Sue letter extends Plaintiff's deadline to file her suit. Def.'s Opp. Mot. Recon., ECF No. 45, 3:23–28. With the 90-day statute of limitations beginning on February 22, 2016 instead of February 18, 2016, Plaintiff had until May 22, 2016 to file. Plaintiff met this deadline when she filed her initial complaint on May 19, 2016.

Nonetheless, this new evidence provides the Court a basis to grant Plaintiff's request only with respect to her Ninth COA under Title VII for race discrimination. On the EEOC Charge of Discrimination form (ECF No. 43-3, at 5), Plaintiff checked only the "RACE" box under the section titled "DISCRIMINATION BASED ON." Moreover, under the section titled "THE PARTICULARS ARE" Plaintiff states: "I believe that I have been discriminated against on the basis of my race (Black) in violation [of] Title VII of the Civil Rights Act of 1964, as amended." Id. Because Plaintiff only checked the box for race, the scope of the Right to Sue letter is limited to the COAs that pertain to race. Accordingly, because Plaintiff has not alleged exhaustion of her Fifth, Sixth, and Eighth

---

[4] These COAs are tort claims that the Court dismissed—among other reasons—with leave to amend for failure to allege compliance with the Tort Claims Act. Plaintiff's new evidence has no bearing on compliance with the Tort Claims Act. Therefore, because Plaintiff has offered no new evidence relating to compliance with the Tort Claims Act, her Motion for Reconsideration fails to state a basis for modifying the Court's Order as to these COAs.

COAs, none of which deal with race discrimination, her request to reconsider the Court's prior dismissal of those claims is DENIED. Plaintiff's request to reconsider the Court's prior Order (ECF No. 35) is therefore GRANTED only with respect to the Ninth COA as against the County, Mooney, and the SEIU. Plaintiff may therefore amend her Ninth COA as against the County, Mooney, and the SEIU to properly allege exhaustion and timely filing under Title VII.[5]

The Order also dismissed the Fifth, Sixth, Eighth, and Ninth COAs with leave to amend to allege exhaustion under the Fair Employment and Housing Act. Plaintiff had and still has the opportunity to amend these claims within those parameters.

### B. Plaintiff's Third Request

The Order dismissed Plaintiff's Third, Fourth, and Seventh COAs with leave to amend for failure to allege exhaustion with the PERB.[6] Order, ECF No. 35, 8:16–9:19. Plaintiff's First Amended Complaint ("FAC") was not entirely clear, but it appeared to the Court that Plaintiff was "broadly alleg[ing] that Defendants Mooney and the SEIU negotiated a discriminatory contract with the County, conspired with the other Defendants to have Plaintiff terminated, and—presumably in the furtherance of that conspiracy—represented her in bad faith." Order, ECF No. 35, 8:26–9:2. Accordingly, the Court's Order was two-pronged: (1) To the extent Plaintiff's Third, Fourth, and Seventh COAs against Mooney and the SEIU intended to make the allegation described above, the claims were dismissed with leave to amend so that Plaintiff could, if appropriate, allege compliance with the PERB exhaustion requirement under Cal. Gov. Code § 3509; and (2) if that was not what Plaintiff intended to allege, and Plaintiff instead intended to allege otherwise with respect to Mooney and SEIU, the claims were dismissed with leave to amend so that Plaintiff could more precisely state a cause of action against those defendants.

---

[5] Importantly, this Court's dismissal of the Ninth COA without leave to amend with respect to the Individual Defendants is unchanged.

[6] It should be noted that the Third COA was also dismissed on other grounds without leave to amend as to the Individual Defendants, Mooney, and the SEIU.

Plaintiff has not amended her complaint consistent with either of the Court's options as outlined above. Instead, Plaintiff argues that because other courts have carved out exceptions to the exhaustion requirements in general, this Court should do so here with respect to the PERB exhaustion requirement. Pl.'s Mot. Recon., ECF No. 43, 8:15–15:25. The Court takes this as an implicit acknowledgement of the accuracy of the Court's initial understanding of Plaintiff's allegations, that Defendants conspired to terminate Plaintiff and represented her in bad faith. As the Court stated in its Order, under the Meyer-Milias-Brown Act ("MMBA") "unions owe a duty of fair representation of their members, and this requires them to refrain from representing their members arbitrarily, discriminatorily, or in bad faith." Order, ECF No. 35, 8:20–25 (citing Paulsen v. Local No. 856 of Intern Broth. Of Teamsters, 193 Cal. App. 4th 823, 830 (2011). Plaintiff's Third, Fourth, and Seventh COAs with respect to Mooney and SEIU, therefore, amount to alleged violations of the MMBA, and alleged violations of the MMBA must be processed as an unfair practice charge by PERB. Cal. Gov. Code § 3509.

The crux of Plaintiff's argument for exception from this requirement appears to be that "nobody told [her] that she had to file with PERB." Pl.'s Mot. Recon., ECF No. 43, 8:17–20. But Plaintiff cites no authority for the proposition that someone had an affirmative duty to inform her of this requirement. The argument, therefore, holds no weight. In addition, Plaintiff makes the following arguments: (1) that "[t]he Statute of Limitation under PERB is [sic] does not require filing with them nor is it jurisdictional;" and (2) that "filing with PERB is futile for many reasons, we shall lists [sic] below." Id. at 8:20–22.

As to the first contention, Plaintiff argues that the PERB exhaustion requirement is not jurisdictional and that exhaustion is therefore "not required when the interests in the petition in prompt review outweigh the government's prudential interests." Id. at 10:21–23. Ultimately, the Court need not decide specifically whether the statute here is jurisdictional because even it if is not, in which case the Court has discretion regarding

///

whether to require exhaustion, Plaintiff's arguments that the Court should apply an exception to the exhaustion requirement here are neither persuasive nor convincing.

With respect to her second argument, Plaintiff contends that where the administrative process is insufficient to fully and satisfactorily protect the constitutional rights in question, exhaustion is not required. She also explains that exhaustion is not required where there is a constitutional claim collateral to the substantive claim of entitlement. Further still, Plaintiff argues exhaustion is not required where an agency ordinance or rule is attacked as unconstitutional on its face. But even assuming these are all correct statements of the law, Plaintiff fails to show how the administrative process here is insufficient. And she does not appear to have a collateral constitutional claim or to be attacking the administrative process as unconstitutional on its face. She claims that SEIU "acted out of their statutory duties" and "as a prosecutor" of Plaintiff, id. at 13:22–23, but those are merely recitations of the allegations of violations of the MMBA that must, under Cal. Gov. Code § 3509, be initially processed by PERB.

Plaintiff cites to McCarthy v. Madigan, 503 U.S. 140 (1991) for the proposition that there are three situations that weigh against requiring exhaustion. Pl.'s Mot. Recon., ECF No. 43, 12:7–13. The first occurs when requiring exhaustion would unduly prejudice a subsequent court action, such as when the administrative process is either delayed or does not otherwise allow the plaintiff to avert irreparable harm. McCarthy, 503 U.S. at 146–47. But Plaintiff provides no indication that the administrative process here was delayed or that she faces irreparable harm. Indeed, Plaintiff cites to Bowen v. City of New York, 476 U.S. 467 (1986), a case involving social security disability insurance claimants who would have suffered severe medical setbacks if their benefits were cut off while they pursued recourse through the administrative appeal process. Such pressing and imminent irreparable harm is not present here.

The second situation in which "exhaustion is not required [is] when the administrative remedy is shown to be inadequate or would be futile." Pl.'s Mot. Recon., ECF No. 43, 12:20–21 (citing McCarthy, 503 U.S. at 147–48). Futility, Plaintiff

8

1 continues, might exist "when the agency is unable to grant an effective remedy or is
2 unable to consider the issues presented." Id. at 12:26–28 (citing Taylor v. Vermont Dep't
3 of Educ., 313 F.3d 768, 790 (2d Cir. 2002). Plaintiff fails to clearly state why the agency
4 here could not render an adequate remedy or why exhaustion would be a futile
5 endeavor. She notes that PERB does "not have the power to prosecute or give her back
6 money for time lost and damages to reputation . . . [or] statutory authority to grant
7 punitive damages." Pl.'s Mot. Recon., ECF No. 43, 13:24–27. But beyond the
8 conclusory statement that "therefore, remedy under PERB is inadequate," id. at 13:7,
9 Plaintiff provides no basis for the Court to rule in her favor on this issue. Plaintiff also
10 references case law that holds that "administrative remedies are inadequate when the
11 plaintiffs claim systematic failures all and seek system wide relief," Pl.'s Mot. Recon.,
12 ECF No. 43, 13:1–6 (citing McQueen v. Col. Springs Sch. Dist. No. 11, 488 F.3d 868
13 (10th Cir. 20017), although Plaintiff does not appear to so claim or seek.

14 The third situation McCarthy references is when agency bias is shown. Pl.'s Mot.
15 Recon., ECF No. 43, 13:8–9 (citing McCarthy, 503 U.S. at 148–49). But, again, the case
16 Plaintiff cites as an example, this time McCarthy itself, involved a court that held a
17 federal prisoner did not have to exhaust FBI administrative remedies before filing a
18 Bivens action in federal court. There is no evidence or indication of such agency bias in
19 this case.

20 In addition, Plaintiff cites to Fay v. Douds, 172 F.2d 720 (2d Cir. 1949) for the
21 proposition that "an exhaustion requirement need not be enforced when a petition has
22 made a substantial assertion that his constitutional rights have been violated by agency
23 action." Pl.'s Mot. Recon., ECF No. 43, 14:9–11. First, Fay is not on point. And second,
24 while Plaintiff has alleged constitutional violations in the form of a § 1983 claim, it is not
25 the § 1983 claim that must be processed before PERB under Cal. Gov. Code § 3509.
26 Rather, it is the claims that Mooney and SEIU conspired to terminate Plaintiff and
27 represented her in bad faith that must be processed before PERB. Accordingly, Fay is
28 inapposite.

Finally, Plaintiff notes that "the exhaustion requirement is not applied rigorously when its application would deprive a criminal defendant of his defense." Pl.'s Mot. Recon., ECF No. 43, 15:1–2 (citing McKart v. United States, 395 U.S. 185 (1969). Although this is not a criminal case and Plaintiff is not a criminal defendant, she appears to argue that because one of the underlying grounds for her termination was a "crime against the patience [sic]," Pl.'s Mot. Recon., ECF No. 43, 14:5–6, her case is brought in line with McKart. Not so.

In sum, despite providing an exhaustive list of authorities exploring the details of exhaustion jurisprudence, Plaintiff fails to provide this Court with a legitimate basis for finding that she should not have gone to PERB first. As stated above, the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369. Moreover, the moving party bears the burden of proving such grounds. Here, Plaintiff has failed to present any of these grounds to support reconsideration. Plaintiff's third request is therefore DENIED.

### C. Plaintiff's Fourth Request

Like her first three requests, Plaintiff's fourth and final request is a poor example of clarity, but she appears to request leave to add a claim for conspiracy to interfere with civil rights. The basis for this request appears to be Plaintiff's allegation that the County and SEIU "deliberately [withheld] information regarding due process rights and training/guidance to perform Plaintiff's duties at her workplace which [delayed] Plaintiffs [sic] ability to incorporate her civil rights." Pl.'s Mot. Recon., ECF No. 43, 15:26–28. Although styled as a Motion for Reconsideration, Plaintiff really seeks leave to amend her complaint, which requires evaluation under Federal Rule of Civil Procedure 15. Under Rule 15, "the court should freely give leave when justice so requires." This is a lenient standard, but it is nonetheless not met here. Again, it is not perfectly clear what exactly the proposed additional COA will consist of, but Plaintiff's brief, as the Court currently understands it, offers nothing to suggest that this new COA is any different than

Plaintiff's First COA for civil conspiracy. In other words, Plaintiff's proposed COA appears to duplicate Plaintiff's First COA, and is therefore unwarranted. In her FAC, Plaintiff's First COA alleges that Defendants engaged in a civil conspiracy to terminate Plaintiff. FAC., ECF No. 6, 12:7–14 ("members of this Civil Conspiracy . . . acted in concert . . . to terminate Plaintiff Lillie Earnest. The other purpose of the Civil Conspiracy was to hide illegal nursing practices . . . and unlawful investigative techniques used against Plaintiff"). The primary means of accomplishing the goal of the conspiracy, according to Plaintiff, appears to be Defendants' investigation of Plaintiff, which was allegedly subject to a variety of improprieties. Id. at 12:7–13:2 ("[T]he investigation wasn't properly documented. The scope of the investigation was never properly identified. [The] [i]nvestigation process is vague at best. Applicable policies/procedures were never identified. The evidentiary standard is unknown."). Similarly, in the request at issue here, Plaintiff cites facts solely related to this same investigation. Pl.'s Mot. Recon., ECF No. 43, 16:11–18 ("The entire investigation . . . was improper based on admissions from all defendants . . . [in the] 'investigation exhibits.' These admissions . . . clearly state how they engaged in unsafe . . . [and] illegal nursing practices and attempted to get Plaintiff to go along with their way of doing things."). It is therefore not clear to the Court that these are truly different claims. Indeed, the substance of the factual bases for each claim is nearly identical. Moreover, Plaintiff has made no argument as to why justice requires that the Court allow Plaintiff to add this COA to her complaint. Accordingly, justice simply does not require that Plaintiff be allowed to add a COA for civil conspiracy to interfere with civil rights because it appears to be entirely duplicative of Plaintiff's First COA. Plaintiff's fourth request is therefore DENIED.

///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration, ECF No. 43, is GRANTED in part and DENIED in part.[7] The Motion is granted only to the extent that Plaintiff may amend her Ninth COA as against the County, Mooney, and the SEIU to allege exhaustion and timely filing under Title VII. In light of the filing of the Motion for Reconsideration, Plaintiff's presently filed Second Amended Complaints (ECF Nos. 36, 37) are hereby STRICKEN. Plaintiff is ordered to file an amended Second Amended Complaint encompassing the Court's original Order, ECF No. 35, and this Order, not later than thirty (30) days from the date of electronic filing of this Order. Failure to comply with this Order will result in the imposition of sanctions, up to and including terminating sanctions, upon no further notice to the parties.

IT IS SO ORDERED.

Dated: March 29, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] ECF No. 38 is DENIED as moot.