UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LILLIE EARNEST,

    Plaintiff,

    v.

SAN JOAQUIN COUNTY, et al.,

    Defendants.

No. 2:16-cv-01064-MCE-CKD

**MEMORANDUM AND ORDER**

Plaintiff Lillie Earnest brings this action against Defendants San Joaquin General Hospital ("SJGH"), San Joaquin County ("County"), Ann Mooney and Service Employees International Union Local 1021 ("SEIU"), and individuals Jackie Bagatta, Roberta Schramek, Lynn McClain, Marshay McKnight, Conrad Uy, Doug Peterson, Rolando Cabrerea, Vandana Goswani, and Adam Arroyo (the "Individual Defendants")[1] (collectively, "Defendants") alleging the following causes of action: (1) denial of appeal rights/due process, (2) breach of memorandum of understanding ("MOU"), (3) failure to prevent discrimination and harassment in violation of Government Code § 12920 et seq. and 42 U.S.C. § 2000e et seq., (4) interference of business contractual relation, (5) institutional racism, and (6) intentional infliction of emotional distress. These

---

[1] Defendant Ann Mooney is also sued in her individual capacity, but the claims against her are addressed herein in conjunction with those against SEIU.

1

allegations stem from Plaintiff's termination from SJGH, where she was a nursing assistant.

In a Memorandum and Order dated March 30, 2017, ("2017 Order") this Court granted Defendants' prior Motions to Dismiss (ECF Nos. 9, 17, and 19) and dismissed all ten of Plaintiff's original claims, some with leave to amend and some without. 2017 Order, ECF No. 35. Thereafter, Plaintiff filed a Motion for Reconsideration (ECF No. 43) based on her discovery of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), which articulated her right to commence a civil action against SJGH. ECF No. 43-2. Notably, while the Right to Sue letter was dated February 18, 2016, the certified mail envelope showed that it was not mailed to Plaintiff until February 22, 2016. ECF No. 43-2 at 1. Accordingly, the Court issued a subsequent Memorandum and Order on March 30, 2018, ("2018 Order") finding that the 90-day statute of limitations for Plaintiff's right to sue had not run on several claims, and granted Plaintiff leave to amend her "institutional racism" styled cause of action to allege administrative exhaustion and timely filing. 2018 Order, ECF No. 50, at 5:1-24. Plaintiff was ordered to file an amended complaint that adhered to both Orders (id. at 12:3-12), and she thereafter filed the operative Second Amended Complaint ("SAC"). SAC, ECF No. 51. Presently before the Court are Defendants' Motions to Dismiss Plaintiff's SAC. ECF Nos. 53 and 54. For the reasons that follow, Defendants' Motions are GRANTED.[2]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

# BACKGROUND[3]

Plaintiff is a 62-year old African-American woman who worked as a nursing assistant at SJGH. On July 12, 2009, SJGH commenced an investigation into a workplace complaint filed against Plaintiff, who alleges that the investigation was mishandled in many ways. On April 17, 2013, Plaintiff was terminated from her nursing assistant position. At the time, Plaintiff claims she suffered from "a well-documented, bad back and neck," had undergone two previous knee surgeries, and had at some point been given a "Lifetime Medical" settlement from a Worker's Compensation claim. In May 2013, Plaintiff received notice of a serious discipline hearing informing her of the reasons for her termination, but claims that the discovery packet she received was incomplete. Defendant Mooney, an SEIU representative, represented Plaintiff at the hearing, but Plaintiff nonetheless claims she was denied the right to the representative "of her choice." According to Plaintiff, Defendants conspired to terminate her, and did not provide services from the local Employee Assistance Program, job training, or any "Progressive Discipline Techniques." She also alleges that she was forced to work out of class, that accommodations were not made for her age, that she was discriminated against because of her age, disability, and race, and that she was denied due process during her termination proceedings. Plaintiff further alleges that the County and SEIU entered into a MOU that did not provide adequate safeguards to part-time employees, who are disproportionately African-American. Plaintiff contends that the investigation leading to her termination was not impartial and that the Individual Defendants stereotyped her based on her age, disability, and race, and made statements during the investigation to get her fired.

Plaintiff alleges that after her termination she filed discrimination charges against SJGH with the EEOC and the California Department of Fair Employment and Housing

---

[3] Except where noted otherwise, the following recitation of facts is taken from this Court's earlier Orders (ECF Nos. 35, 50) as well as the parties' pleadings on this motion.

("DFEH") on August 14, 2013. She received the aforementioned Right to Sue letter from the EEOC in February 2016, but did not receive any similar notice from the DFEH.

**STANDARD**

 **A.** **Motion Dismiss Under FRCP 12(b)(6)**

 On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

 Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

/ / /
/ / /
/ / /
/ / /
/ / /

**ANALYSIS**

**A. Plaintiff's First Cause Of Action**

Defendants seek dismissal of Plaintiff's First Cause of Action as to all Defendants because Plaintiff failed to sufficiently allege denial of her due process rights. The Court agrees.

Under Skelly v. State Pers. Bd., permanent government employees are entitled to notice of proposed disciplinary measures, the reasons therefore, a copy of charges and supporting materials, and a right to respond. 15 Cal. 3d 194, 215 (1975). Plaintiff contends that she was denied due process because of her status as a part-time employee. SAC ¶¶ 39, 48. Conversely, Defendant SEIU argues that Plaintiff's serious discipline hearing met the minimum standards of due process as defined in Skelly. Defendant SEIU's arguments on this point are well taken, because when compared to the requirements articulated in Skelly, Plaintiff was afforded largely the same protections—she received notice of the discipline (SAC ¶ 34), was provided a discovery packet that included the reasons for her termination, as well as the materials uncovered during the investigation that took place (SAC ¶ 45),[4] and was provided opportunities to respond to the findings. SAC ¶ 76. Indeed, Plaintiff admits that she was provided with a union representative and that she conferred with the Deputy Director of Nursing, Individual Defendant Jackie Bagatta, no less than three times during the disciplinary process. SAC ¶¶ 56, 57. That Plaintiff disagrees with the outcome of the process does not render it insufficient.[5] Furthermore, as the 2017 Order explained, Plaintiff's FAC did not allege facts supporting both (1) her entitlement to due process protections, and

---

[4] While Plaintiff alleges that the discovery packet was incomplete, she does not identify any documents that were withheld. SAC ¶ 45.

[5] County Defendants alternatively argue that part-time employees are not entitled to the same Skelly protections as full-time permanent employees. County Motion at 6:28–7:12. However, since the Court agrees with Defendant SEIU's contention that Plaintiff was nevertheless afforded Skelly protections, deciding if such protections are required for part-time employees is unnecessary here.

6

(2) denial of those protections. 2017 Order at 10:18-21. Plaintiff's SAC does not cure these deficiencies. Therefore, the First Cause of Action is DISMISSED as to all Defendants. Plaintiff will be given a final opportunity to amend.

**B.     Plaintiff's Second And Fourth Causes Of Action**

Plaintiff's Second and Fourth Causes of Action are for breach of the MOU and interference of a business contractual relation, respectively. This Court previously found that each of these claims fell within the Public Employment Relations Board's ("PERB") exclusive initial jurisdiction under the Meyer-Milias-Brown Act ("MMBA"). See 2017 Order at 8:15–9:10; see also Cal. Gov. Code § 3509(b) ("A complaint alleging any violation of the [MMBA] . . . shall be processed as an unfair practice charge by [PERB].").

As discussed in both the 2017 and 2018 Orders, leave to amend these causes of action was previously granted "so that Plaintiff could, if appropriate, allege compliance with the PERB exhaustion requirement under Cal. Gov. Code § 3509 . . . ." 2018 Order at 6:20-22 (citing 2017 Order at 8:26–9:2). However, as opposed to alleging PERB exhaustion, Plaintiff's SAC concedes that she did not submit any claims to PERB because doing so would have been "futile." SAC ¶ 17. Since Plaintiff admits that she did not exhaust her administrative remedies regarding PERB, her claims for breach of the MOU and interference with business contractual relations must fail. Therefore, the Second and Fourth Causes of Action are DISMISSED without leave to amend as to all Defendants for failure to comply with PERB exhaustion requirements.[6]

///
///
///
///

---

[6] In addition to omitting allegations to show exhaustion of her administrative remedies, Plaintiff's Fourth Cause of Action also fails to allege the necessary elements for an interference with business contractual relations claim. See Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990). Furthermore, Plaintiff additionally failed to allege compliance with California's Tort Claims Act, a deficiency that was also discussed in each of the Court's earlier Orders. See 2017 Order at 5:25–6:12; 2018 Order at 5 n.4; See also Cal. Gov. Code §§ 911.2; 911.4.

### C. Plaintiff's Third Cause Of Action

Plaintiff's Third Cause of Action is for failure to prevent discrimination and harassment in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code sections 12900 et seq. Pursuant to the FEHA, claimed violations must first be filed with the DFEH within one year of the alleged unlawful act. Cal. Gov. Code § 12960(d). Once a plaintiff has exhausted her administrative remedies, the DFEH issues a right to sue notice, and the plaintiff then has one year from the date of the notice to file a civil complaint. Cal. Gov. Code § 12965(b).

Here, Plaintiff alleges that she suffered discrimination in the workplace and that Defendants' serious discipline process is itself inherently discriminatory because it disproportionally affects African-American workers. SAC ¶ 75. According to Plaintiff, she timely exhausted her administrative remedies by filing her claim with the EEOC on August 14, 2013, which resulted in her receipt of the EEOC Right to Sue letter in February 2016. SAC ¶¶ 13-16. However, while Plaintiff further alleges that she also filed a claim with the DFEH on August 14, 2013 (SAC ¶ 37), her SAC contains no facts concerning receipt of any Right to Sue notice from the DFEH. This issue was discussed extensively in the 2017 Order, as the Court directed Plaintiff "to specify the date on which she filed claims with the EEOC and DFEH, and the date of the right to sue notice from the DFEH, if any." 2017 Order at 8:9-10 (emphasis added). Plaintiff has again failed to include the date of receipt of a DFEH right to sue notice within the SAC.[7] As a result, Plaintiff's Third Cause of Action is DISMISSED without leave to amend.

### D. Plaintiff's Fifth Cause Of Action

Plaintiff's Fifth Cause of Action claims institutional racism against all Defendants. As an initial matter, the 2018 Order held that this claim was dismissed "without leave to amend with respect to the Individual Defendants . . . ." 2018 Order at 6, fn. 5. Yet,

---

[7] Shedding light on this factual omission is that Plaintiff filed a copy of what appears to be a Right to Sue notice from the DFEH dated February 20, 2014 with her earlier Motion for Reconsideration. See Mot. Recon., ECF 43-3, at 6, 16. If this document is the DFEH Right to Sue notice in question, Plaintiff's one-year statute of limitations for filing a civil action ran in late February 2015, long before the filing of her initial complaint on May 19, 2016.

Plaintiff once again included all Defendants under this cause of action. SAC at 17:8-10. As set forth in Defendants' moving papers, only an employer—not individuals—can be subject to liability for employment discrimination under Title VII or FEHA. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993); Reno v. Baird, 18 Cal. 4th 640, 645-46 (1998). Moreover, Defendants Mooney and SEIU were unnamed as respondents in Plaintiff's EEOC or DFEH complaints, and as such, are not subject to this cause of action here. Therefore, the Fifth Cause of Action is DISMISSED with prejudice as to all Individual Defendants, to include Mooney, as well as SEIU.

Regarding Defendants County and SJGH, Plaintiff's Fifth Cause of Action likewise fails. As discussed supra, the Court's 2017 Order dismissed this cause of action after initially finding that the 90-day statute of limitations for initiating a civil action had run. In conjunction with her Motion for Reconsideration, Plaintiff later showed that she received the EEOC's Right to Sue letter on or after February 22, 2016, indicating that her original May 19, 2016 complaint was filed within the requisite 90-day period. As a result, the 2018 Order granted Plaintiff's request to amend her institutional racism claim "to properly allege exhaustion and timely filing under Title VII." 2018 Order at 5:17-6:6. Plaintiff's SAC properly alleges exhaustion of administrative remedies. See SAC at 5-7. Thus, the Court turns to the essential elements of a discrimination claim.

To establish a prima facie case of discrimination, Plaintiff must show "(1) that [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably." Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003). While the SAC suffers from a significant lack of clarity, especially with regard to the Fifth Cause of Action, the Court interprets Plaintiff's contentions to be that, unlike full-time employees, part-time workers are not granted rights to a Skelly hearing within the MOU between the County and SEIU, and since most part-time SJGH employees are African-American, this omission amounts to disparate treatment based on race. SAC ¶ 82. County Defendants concede that Plaintiff pleads non-conclusory

factual allegations showing that she belongs to a protected class due to her race, and that she suffered an adverse action because of her termination. See County Mot. Dismiss, ECF No. 54, at 15:1-3. However, the County also contends that the SAC sets forth only conclusory facts supporting her contentions that she was qualified for her position or that similarly situated individuals outside her protected class were treated more favorably. Id. at 15:3-5. Indeed, despite having dedicated 15 paragraphs, spanning over eight pages, to the institutional racism claim, Plaintiff simply asserts without further explanation that the County's serious discipline process for part-time employees "usurps the entire Due Process rights granted in the . . ." Constitution. SAC ¶ 75. Plaintiff's assertion of unfair treatment because of the alleged exclusion of part-time employees from Skelly hearing rights in the MOU is unpersuasive because, as discussed supra, the serious discipline process afforded Plaintiff the same due process protections as considered necessary in Skelly.

Despite her bald assertions to the contrary, Plaintiff's SAC is devoid of any actual factual allegations showing that Defendants treated similarly situated individuals outside of her protected class more favorably. As a result, her Fifth Cause of Action for Institutional Racism is DISMISSED without prejudice as to the Defendants County and SJGH.[8]

### E. Plaintiff's Sixth Cause Of Action

Plaintiff's Sixth Cause of Action for intentional infliction of emotional distress fails as to all Defendants because Plaintiff did not plead compliance with the Tort Claims Act. As discussed supra, the Court warned Plaintiff, twice, that failure to "allege compliance with and exhaustion of the Tort Claims Act" would result with dismissal of this claim with

/ / /

/ / /

---

[8] Plaintiff is admonished for including paragraph 74 in the SAC, comprised of a compilation of statements originally appearing at paragraph 75 of the FAC, which were ordered stricken in the 2017 Order. 2017 Order at 13:1–14:6. Accordingly, Defendants' Motion to Strike (ECF No. 55-1) concerning paragraph 74 is GRANTED, and Plaintiff is warned that additional failures to adhere to this Court's Orders will result in sanctions.

prejudice. See 2017 Order at 5:25–6:12; 2018 Order at 5, fn 4.[9] As a result, Plaintiff's Sixth Cause of Action is DISMISSED without leave to amend for failure to plead compliance with the Tort Claims Act.

## CONCLUSION

For the reasons outlined above, Defendants' Motion to Strike (ECF No. 55-1) concerning paragraph 74 of the SAC is GRANTED. Defendants' Motions to Dismiss are also GRANTED (ECF Nos. 53 and 54), and Plaintiff's SAC (ECF No. 51) is DISMISSED as follows:

1. The First Cause of Action for denial of appeal rights/due process is DISMISSED with leave to amend;
2. The Second Cause of Action for breach of MOU is DISMISSED without leave to amend;
3. The Third Cause of Action for failure to prevent discrimination and harassment is DISMISSED without leave to amend;
4. The Fourth Cause of Action for interference of business contractual relation is DISMISSED without leave to amend;
5. The Fifth Cause of Action for institutional racism is DISMISSED as to all Individual Defendants and SEIU with prejudice, and with leave to amend as to SJGH and County; and
6. The Sixth Cause of Action for intentional infliction of emotional distress is DISMISSED without leave to amend.

/ / /

/ / /

/ / /

---

[9] The Court additionally notes that apart from the failure to comply with the Tort Claims Act, Plaintiff also failed to allege facts sufficient to state a claim for intentional infliction of emotional distress, a deficiently previously identified in the FAC, yet uncured in the SAC. See 2017 Order at 11:10-19.

If Plaintiff chooses to amend, she is ordered to file an amended complaint not later than twenty (20) days from the date of electronic filing of this Order. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 5, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE